# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### SPRINGFIELD DIVISION

|  |  |
|---|---|
| WENDY S. JOHNSON and LYNN A. HARRIS, | ) |
|  | ) |
|  | ) |
| Plaintiffs, | ) **COMPLAINT** |
|  | ) CASE NO. |
| v. | ) |
|  | ) **07 - 3 0 0 7 0 - MAP** |
| BEST RATE FUNDING CORP., and | ) |
| NATIONAL DOCUMENT SIGNING | ) |
| SERVICES, CORP. | ) |
|  | ) |
| Defendants | ) |
|  | ) |

**FILING FEE PAID:**
RECEIPT # *306548*
AMOUNT $ *350.00*
BY DPTY CLK *MKL*
DATE *4/30/07*

## PRELIMINARY STATEMENT

1.    Plaintiffs, Wendy Johnson and Lynn Harris ("Ms. Johnson and Ms. Harris") own
and reside in a single family home that they purchased 13 years ago. During a recent
refinance transaction with Best Rate Funding Corporation, ("Best Rate"), closed by
National Document Signing Services, Corp., ("National Document"), Best Rate and
National Document violated federal and state laws designed to protect homeowners when
they refinance their home loans, including the federal Truth In Lending Act, 15 U.S.C.
§1601, *et seq.*, Regulation Z §226.18, the Massachusetts Consumer Credit Cost
Disclosures Act, M.G.L. c. 140D §1, *et seq.*, the Massachusetts Anti-Flipping Statute,
M.G.L. c. 183 §28C, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A. By
this action, Ms. Johnson and Ms. Harris seek actual and statutory damages and injunctive
and declaratory relief in connection with this predatory mortgage transaction.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 15 U.S.C. §1640(e) and 28 U.S.C.

§§1331, and 1337 together with the pendent and/or ancillary jurisdiction of the Court.

3.      Venue lies in this District pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Ms. Johnson and Ms. Harris are individuals residing at 20 New Athol Road,

Orange, Massachusetts.

5.      Best Rate is a California corporation with its principal place of business located at

2 MacArthur Place, Suite 800 Santa Ana, CA 92707.

6.      Best Rate does business in Massachusetts and is licensed with the Massachusetts

Division of Banks as a mortgage lender.

7.      Best Rate's business includes making and refinancing consumer loans secured by

residential property.

8.      At all times relevant to this complaint, Best Rate regularly extended consumer

credit which is payable by agreement in more than four installments or for which a

finance charge is imposed.

9.      Defendant, National Document Signing Services, Corp., ("National Document")

is a California corporation with its principal place of business located at 14 Limetree

Lane, Rancho Palos Verdes, California, 90275.

10.     National Document is a loan document signing company operating nationally.

2

## FACTUAL ALLEGATIONS

11.    Ms. Johnson and Ms. Harris are unsophisticated consumers with little experience in mortgage financing. They own a home located at 20 New Athol Road, Orange, Massachusetts ("Orange Residence"). The Orange Residence has a current fair market value of approximately one hundred and ninety dollars ($190,000.00).

12.    Ms. Johnson and Ms. Harris purchased their home in 1993 for sixty five thousand dollars ($65,000.00) and currently reside there with Ms. Johnson's teenage son and Ms. Harris' teenage daughter.

### *Ameripath Loan*

13.    Before refinancing with Best Rate, Ms. Johnson and Ms. Harris had a loan on better terms with Ameripath Mortgage Corporation ("Ameripath"), which was subsequently transferred to New Century Mortgage Corporation ("New Century") for servicing.

14.    The Ameripath loan had a term of 360 months, an adjustable interest rate of 6.4%, and an annual percentage rate ("APR") of 8.488%.

15.    A true and correct copy of Ms. Johnson's and Ms. Harris' Truth In Lending disclosure for the Ameripath loan is attached hereto as Exhibit A.

16.    A true and correct copy of Ms. Johnson's and Ms. Harris' Adjustable Rate Note for the Ameripath loan is attached hereto as Exhibit B.

17.    A true and correct copy of Ms. Johnson's and Ms. Harris' HUD1 Settlement Statement for the Ameripath loan is attached hereto as Exhibit C.

3

18.     The payment schedule on the Ameripath loan was as follows:

| Number of Payments | Amount of Payment | When Payments Are Due |
|---|---|---|
| | | |
| 24 | $772.80 | 3/1/05 |
| 6 | $1,072.16 | 3/1/07 |
| 329 | $1,118.98 | 9/1/07 |
| 1 | $1,124.08 | 2/1/35 |

See, Exhibit A.

### *Best Rate Funding Loan*

19.     In the summer of 2006, Ms. Johnson and Ms. Harris went to Lending Tree's website, www.lendingtree.com, to research and compare home equity loans.

20.     On or about June 13, 2006, based on an application processed through Lending Tree, Ms. Johnson and Ms. Harris received an email from Joe Timpane, ("Mr. Timpane"), a Senior Loan Officer with Best Rate, providing information about Best Rate's services.

21.     Mr. Timpane advised Ms. Johnson and Ms. Harris not to talk to any other lenders about obtaining a loan because it would undermine their credit score and adversely affect the terms of credit available.  Mr. Timpane knew or should have known that this advice was false.  Mr. Timpane provided this advice to prevent Ms. Johnson and Ms. Harris from shopping for a loan on better terms than one available from Best Rate.

4

22.     Ms. Harris and Ms. Johnson were seeking to consolidate various unsecured debts by refinancing. Mr. Timpane, on behalf of Best Rate, promised to do so on better terms than the Ameripath loan.

23.     Ms. Johnson and Ms. Harris closed a loan with Best Rate Funding on July 16, 2006 (the "Best Rate" loan).

24.     The Best Rate loan has a term of 360 months, a balloon payment, an adjustable interest rate of 8.5%, and an APR of 11.380%. These terms are significantly less favorable than those of the Ameripath loan.

25.     A true and correct copy of Ms. Johnson's and Ms. Harris' Truth In Lending disclosure for the Best Rate loan is attached hereto as Exhibit D.

26.     A true and correct copy of Ms. Johnson's and Ms. Harris' Adjustable Rate Note for the Best Rate loan is attached hereto as Exhibit E.

27.     A true and correct copy of Ms. Johnson's and Ms. Harris' HUD1 Settlement Statement for the Best Rate loan is attached hereto as Exhibit F.

28.     Ms. Johnson and Ms. Harris paid $11,347.18 in closing costs in the Best Rate loan (Exhibit F, line 103).

29.     The closing costs included:

   a.   $4,037.50 in points to Best Rate Funding (Exhibit F, line 801)

   b.   a $995 processing fee to Best Rate Funding (line 808)

   c.   a $495 underwriting fee to Best Rate Funding (line 809)

5

        d.   a $395 document preparation fee to Best Rate Funding (line 811).

30.     The loan did not include funds for debt consolidation as requested by Ms. Johnson and Ms. Harris.

31.     Ms. Johnson and Ms. Harris received less than $6,200 in proceeds of the loan.

32.     Ms. Johnson and Ms. Harris were prevented from understanding the costs and terms of the loan by the unusual circumstances of the loan closing described below.

33.     The payment schedule on the Best Rate loan is as follows:

| Number of Payments | Amount of Payment | When Payments Are Due |
|---|---|---|
| | | |
| 24 | $1,183.95 | 9/1/06 |
| 335 | $1,557.84 | 9/1/08 |
| 1 | $112,370.83 | 8/1/36 |

See, Exhibit D.

34.     Even with a balloon payment term, Ms. Johnson and Ms. Harris were obligated to make payments on the Best Rate loan in an amount higher than their Ameripath payments.

35.     The loan was not in Ms. Johnson and Ms. Harris's interest.

36.     Best Rate knew or should have known that the loan was not in Ms. Johnson and Ms. Harris's interest.

6

***National Document Signing Services***

37.     On Friday, July 14, 2006 at 6:50 p.m. Ms. Johnson received an email from Best

Rate informing her that, "Your loan documents have been sent to the closing coordinator.

You should be hearing from your signing agent to set a signing appointment soon...We

want to close your loan as quickly as possible."  Ms. Johnson and Ms. Harris were told

that if they did not close immediately, their rate would increase.

38.     On Saturday, July 15, 2006 around noon, Ms. Johnson and Ms. Harris received an

email from National Document with some loan documents attached and spoke to a man

who referred to himself as Nancy Tarjick ("Mr. Tarjick").

39.     Mr. Tarjick offered to meet Ms. Johnson and Ms. Harris at a midpoint to sign the

documents on Sunday, July 16, 2006, and ultimately met them in the parking lot of a

Friendly's restaurant in Greenfield, Massachusetts, where Ms. Johnson and Ms. Harris

signed the loan documents on the hood of their car. Mr. Tarjick had his grandchildren

waiting in his car for him and rushed Ms. Johnson and Ms. Harris through the closing. In

light of the pressure on Ms. Johnson and Ms. Harris, the entire closing took less than

twenty minutes.

40.     Best Rate charged Ms. Johnson and Ms. Harris $400.00 for Mr. Tarjick's

services, and categorized the charge as: "Attorney's fees to National Document Signing

Services." See, Exhibit F, line 1107.

41.     Best Rate also charged a $450 "Settlement or Closing Fee" to Security Title

Guaranty Corp.  See, Exhibit F, Line 1101.  Best Rate also charged a $395 "Document

Preparation Fee" payable to itself. See, Exhibit F, Line 811. Best Rate also charged an

Abstract or Title Search Fee in the amount of $175 payable to Security Title. See, Exhibit

F, Line 1102.

42.    On information and belief, Mr. Tarjick is not an attorney and is not supervised by

an attorney.

43.    On information and belief, Mr. Tarjick misrepresented his identity.

44.    Mr. Tarjick and National Document are engaged in unauthorized practice of law.

45.    The $400.00 signing fee is significantly higher than fees charged by comparable

document signing services in Massachusetts and elsewhere, including those provided by

licensed attorneys.

46.    The settlement and closing fees described in paragraph 42 and 43 are duplicative,

unreasonable and excessive.

47.    The "services" provided by Mr. Tarjick and National Document had no value to

Ms. Johnson and Ms. Harris.

48.    On or about January 10, 2007, Ms. Johnson and Ms. Harris sent National

Document a Demand for Relief pursuant to M.G.L. c. 93A ("Demand").

49.    A true and correct copy of Ms. Johnson's and Ms. Harris' Demand is attached

hereto as Exhibit G.

50.    On or about January 22, 2007, National document responded to Ms. Johnson's

and Ms. Harris' Demand, denying the claims set forth in it.

51.     National Document's offer was not reasonable in relation to the injury actually suffered by Ms. Johnson and Ms. Harris.

*Post-Closing Actions Of Best Rate*

52.     When Ms. Johnson and Ms. Harris complained about the terms of their loan and that the promised debt consolidation had not been provided and that the loan was on unfair terms, Best Rate refunded an additional $2,087.50, but made negotiation of the refund checks contingent on a release from Ms. Johnson and Ms. Harris.

53.     At the time the refund was made, Best Rate sent a revised Settlement Sheet for the transaction containing reduced fees for the loan.

54.     Ms. Johnson and Ms. Harris refused to sign a release.

55.     On or about January 10, 2007, Ms. Johnson and Ms. Harris sent Best Rate a Demand for Relief pursuant to M.G.L. c. 93A ("Demand").

56.     A true and correct copy of Ms. Johnson's and Ms. Harris' Demand is attached hereto as Exhibit H.

57.     On or about February 23 2007, Best Rate responded to Ms. Johnson's and Ms. Harris' Demand, denying the claims set forth in it.

58.     Best Rate's offer was not reasonable in relation to the injury actually suffered by Ms. Johnson and Ms. Harris.

9

## CAUSES OF ACTION

### COUNT 1:    M.G.L. c. 183 §28C vs. Best Rate

59.    Best Rate refinanced Ms. Johnson's and Ms. Harris' home loan within 60 months of the Ameripath loan.

60.    Ms. Johnson and Ms. Harris acquired the Best Rate loan for personal, family or household use.

61.    The Best Rate loan is secured by a mortgage on the Orange Residence.

62.    The Best Rate refinance was not in Ms. Johnson's and Ms. Harris's interest rate, within the meaning of M.G.L. c. 183, § 28C for the following reasons:

    a.    Ms. Johnson's and Ms. Harris' initial monthly principal and interest increased;

    b.    The Best Rate loan added a balloon payment feature that Best Rate knew or should have known Ms. Johnson and Ms. Harris could not make;

    c.    Ms. Johnson and Ms. Harris received a nominal amount of cash out of the transaction – less than the amount of closing costs they paid - and did not have their debts consolidated as they had requested in the transaction; and

    d.    Ms. Johnson's and Ms. Harris' APR increased substantially.

63.    Best Rate knew that its refinance was not in Ms. Johnson's and Ms. Harris's interest.

WHEREFORE, Ms. Johnson and Ms. Harris are entitled to:

    a.    damages;

    b.    costs and attorneys fees;

     c.      a declaration that Best Rate knowingly refinanced their mortgage loan against their interest;

     d.      injunctive relief conforming the loan to the better terms of the Ameripath loan; and

     e.      such other relief as the Court deems proper.

### COUNT 2:     M.G.L. c. 93A vs. Best Rate

64.     Best Rate acted in an unfair and deceptive manner, in violation of M.G.L. c. 93A, by engaging in the following conduct:

     a.      Advising Ms. Johnson and Ms. Harris not to talk to any other lenders about obtaining a loan because it would affect their credit thereby discouraging them to compare competitive loan terms;

     b.      Charging excessive, unnecessary and duplicative closing costs and fees;

     c.      Failing to consolidate the debts for which Ms. Johnson and Ms. Harris were seeking consolidation;

     d.      Misrepresenting the terms of credit available;

     e.      Refinancing Ms. Johnson and Ms. Harris' loan on less favorable terms than their existing loan, against their interest; and

     f.      Imposing unreasonable and duplicative closing fees.

65.     Ms. Johnson and Ms. Harris suffered damages by virtue of Best Rate's conduct.

WHEREFORE, Ms. Johnson and Ms. Harris are entitled to:

     a.  actual and statutory damages;

     b.  costs and attorney's fees;

     c.  injunctive and declaratory relief; and

d.  such other relief as the Court deems proper.

### COUNT 3: TILA/CCCDA vs. Best Rate

66.    Ms. Johnson and Ms. Harris repeat and reallege all paragraphs above as if set forth fully herein.

67.    At all times relevant hereto, Best Rate was a creditor within the meaning of the Consumer Credit Cost Disclosure Act ("CCCDA"), M.G.L. c. 140D, §1 *et seq.* and/or the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.

68.    The transaction was a consumer credit transaction within the meaning of the CCCDA and TILA. 15 U.S.C. §1602(h) and 12 C.F.R. §226.2(a)(12).

69.    In light of the duplicative nature of the fees, Best Rate failed to properly disclose the finance charge in the transaction as required under G.L. c. 140D, §4 and 15 U.S.C. §1605.

70.    The closing fees are not *bona fide* or reasonable and are consequently finance charges within the meaning of the law.

71.    The underdisclosure of the finance charge exceeds $100.

72.    By these misdisclosures, Best Rate has violated G.L. c. 140D, § 12(a) and 15 U.S.C. §1638(a).

WHEREFORE, Ms. Johnson, Ms. Harris are entitled to:

a.  actual and statutory damages pursuant to G.L. c. 140D, § 32(a) and/or 15 U.S.C. § 1640(a);

b.  costs and attorney's fees;

    c.   injunctive and declaratory relief; and

    d.   such other relief as the Court deems proper.

<strong>COUNT 4: M.G.L. c. 93A vs. National Document</strong>

73.    Ms. Johnson and Ms. Harris repeat and reallege all paragraphs above as if set forth fully herein.

74.    National Document acted in an unfair and deceptive manner, in violation of M.G.L. c. 93A, by engaging in the following conduct:

    a.   charging excessive signing fees;

    b.   imposing duplicative closing fees;

    c.   charging attorney's fees although they are not attorneys;

    d.   engaging in the unauthorized practice of law;

    e.   charging fees that are not *bona fide* and/or reasonable in light of the work performed; and

    f.   charging fees that are not bona fide and/or reasonable in light of the availability of similar services available from others in the community.

75.    Ms. Johnson and Ms. Harris suffered damages by National Document's conduct.

WHEREFORE, Ms. Johnson, Ms. Harris are entitled to:

    a.   actual and statutory damages;

    b.   attorney's fees and costs;

    c.   injunctive and declaratory relief; and

    d.   such other relief as the Court deems proper.

## COUNT 5:   DECLARATORY RELIEF

76.     Ms. Johnson and Ms. Harris incorporate each allegation above as if set forth verbatim and at length.

77.     Best Rate's and National Document's actions have caused Ms. Johnson and Ms. Harris actual prejudice.

78.     Ms. Johnson and Ms. Harris ask this Court to enter declaratory relief for themselves concerning the propriety of Best Rate's and National Document's conduct as described herein.

WHEREFORE, Ms. Johnson and Ms. Harris request that the Court grant the following relief in their favor and against Best Rate and National Document:

> a.     a declaratory judgment that the conduct asserted herein violates state and federal law;

> b.     such other and further relief as the Court deems proper.

## COUNT 6:   UNJUST ENRICHMENT

79.     Ms. Johnson and Ms. Harris incorporate each allegation above as if set forth verbatim and at length.

80.     Best Rate and National Document have been wrongfully and unjustly enriched by refinancing Ms. Johnson's and Ms. Harris' loan at a higher interest rate, providing terms that are unfavorable to them and by charging excessive and unearned fees.

81.     It is against equity and good conscience to permit Best Rate and National Document to retain the monies and benefits obtained as a result of the wrongful practices described above.

WHEREFORE, Ms. Johnson and Ms. Harris are entitled to:

14

a. actual damages;

b. disgorgement of the monies and benefits obtained;

c. costs and attorneys fees; and

d. such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Ms. Johnson and Ms. Harris respectfully request a trial by jury.

RESPECTFULLY SUBMITTED:

Wendy Johnson and Lynn Harris,
Individually and on behalf of all others
similarly situated, Plaintiffs

By their attorneys,

Gary Klein (BBO No. 560769)
Shennan Kavanagh (BBO No. 655174)
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111
p. 617.357.5500 ext. 15
f. 617.357.5030